(Pleito No. 217.—Fallado el 23 de Octubre de 1902.)

## TESORERO DE PUERTO RICO contra EL REGISTRADOR DE LA PROPIEDAD.

SOLICITUD de un *Mandamus.*

1.—TÍTULOS DE DOMINIO. Para que puedan ser inscritos en el Registro de la Propiedad los títulos de dominio, deberán estar consignados en escritura pública, ejecutoria, ó documento auténtico expedido por autoridad judicial, ó por el Gobierno y sus agentes, en la forma que prescriben los reglamentos y según la naturaleza del acto ó del contrato que haya de inscribirse.

2.—HIPOTECAS. Para que las hipotecas voluntarias queden válidamente constituídas, es indispensable que se hayan convenido, ó mandado constituir, en escritura pública y que ésta se haya inscrito en el Registro de la Propiedad.

Puerto Rico, veinte y tres de Octubre de mil novecientos dos.—Visto el presente recurso gubernativo interpuesto por el Honorable Tesorero de Puerto Rico, contra negativa del Registrador de la Propiedad de esta capital á inscribir á favor de un particular el dominio de una finca rústica adquirida del Estado en pública subasta.—Resultando: Que sacada á pública subasta en el año de mil ochocientos noventa y cinco por la Intendencia General de Hacienda de esta Isla una finca rústica de la propiedad del Estado, de cien cuerdas de cabida, radicada en el barrio de "Guzmán-arriba," del término municipal de Río Grande, se adjudicó el remate á favor de Don José Cazuela y Géigel, por la suma de quinientos cincuenta pesos, pagaderos en seis años y siete plazos, habiendo satisfecho el comprador dentro de los ocho días siguientes á la aprobación del remate los setenta y ocho pesos, cincuenta y siete centavos, del primer plazo y consignado en la Tesorería Central seis pagarés á favor del Estado por los seis plazos restantes, montantes en junto á la suma de cuatrocientos setenta y un pesos, cuarenta y tres centavos.— Resultando: Que en el pliego de condiciones que rigió para la subasta y que fué aprobada por la Intendencia General y aceptado por el comprador en todas sus partes, se establecía expresamente, entre otras estipulaciones, que tan

pronto se hubiera pagado el importe del remate, si fuere al contado, ó siendo á plazo, el primero de los estipulados, y siempre que ésto se verificase dentro de los ocho días de haberse notificado al interesado la aprobación del remate, se daría posesión al comprador de la finca vendida y se procedería á otorgarle la escritura de propiedad; que si la venta se verificaba á plazos, sin perjuicio de la obligación general de bienes, quedaría la finca hipotecada á favor de la Hacienda mientras no se terminara el completo pago de la misma; que al vencimiento de cada plazo se satisfaría indefectiblemente su importe, y que la falta de pago de cualquiera de ellos sería bastante para que la Hacienda se incautara nuevamente de la finca, sacándola á nueva subasta á perjuicio del comprador.—Resultando: Que habiendo dejado de satisfacer Don José Cazuela y Géigel, los seis últimos plazos del precio de la venta, ha iniciado contra él el Honorable Tesorero de Puerto Rico expediente de apremio, en el que dispuso el embargo de la finca subastada; y no habiendo podido anotarlo en el Registro de la Propiedad de esta Capital por no aparecer inscrita la finca embargada á favor del ejecutado Don José Cazuela y Géigel, y sí á favor del Estado, dispuso entonces el expresado Sr. Tesorero, se librara al Registrador de la Propiedad la certificación que motiva el presente recurso, en la que se hace relación de los antecedentes que se dejan expuestos, para que se inscribiera á favor de Don José Cazuela y Geigel, el dominio de la finca rústica de que se trata, con la hipoteca á favor del pueblo de Puerto Rico por la parte del precio adeudado; á lo que se negó el Registrador por los fundamentos de la nota que obra al pie de la misma certificación y que transcrita literalmente dice así: "Denegada la inscripción del precedente documento por no haber sido efectuada la trasmisión de la finca por escritura pública, y en cumplimiento de la Ley sobre recursos contra las Resoluciones de los Registradores se ha extendido anotación preventiva al folio 150 del tomo 4º de Río Grande, finca 203, anotación letra B., la cual tendrá efecto legal

durante ciento veinte días de su fecha."—Resultando: Que notificada dicha nota al presentante de la certificación aludida ha interpuesto en tiempo contra ella el Honorable Tesorero de Puerto Rico, ante este Tribunal Supremo, el presente recurso gubernativo para que se deje sin efecto dicha nota y se inscriba á favor de Don José Cazuela y Géigel la finca de que se ha hecho mérito, con la hipoteca convenida á favor del Estado, hoy á favor del Pueblo de Puerto Rico.—Siendo Ponente el Presidente del Tribunal Don José S. Quiñones.— Considerando: Que si bien con arreglo al artículo 3 de la Ley Hipotecaria vigente en esta Isla, para que puedan ser inscritos en el Registro de la Propiedad los títulos que se expresan en el artículo anterior, "deberán estar consignados en escritura pública, ejecutoria, ó documento auténtico expedido por autoridad judicial ó por el Gobierno y sus Agentes, en la forma que prescriban los reglamentos," no es de entenderse este precepto en el sentido de que puedan hacerse constar dichos títulos en cualquiera de aquellas formas, *indistintamente,* sino que, según sea la naturaleza del acto ó del contrato que haya de inscribirse, así deberá hacerse constar en una ó en otra clase de los documentos expresados; y siendo la inscripción que interesa el Honorable Tesorero de Puerto Rico, á favor de Don José Cazuela y Géigel, la del dominio de una finca rústica adquirida por éste, en virtud de un contrato de compra-venta celebrado con la Intendencia General de Hacienda en pública subasta, y en cuya inscripción ha de hacerse constar además la hipoteca que reservó el Estado por el importe de los plazos pendientes del precio ofrecido, es evidente que para verificarse la inscripción de dominio de la finca de que se trata había de presentarse el título de propiedad del comprador, que no lo constituye la certificación expedida por el Sr. Tesorero, sino la escritura de compra-venta que debió otorgársele oportunamente por la Intendencia General en cumplimiento de lo establecido en el pliego de condiciones; máxime cuando con arreglo al artículo 1,280 del Código Civil, los actos y

contratos que tengan por objeto la creación, trasmisión, modificación ó extinción de derechos reales sobre bienes inmuebles, deben hacerse constar por documento público y que, según el artículo 146 de la Ley Hipotecaria vigente, para que las hipotecas voluntarias queden válidamente constituídas, es indispensable que se hayan convenido, ó mandado constituir en escritura pública y que ésta se haya inscrito en el Registro de la Propiedad, en consonancia con lo que sobre el particular previene el artículo 1,875 del mismo Código Civil.—Considerando: Que ningún perjuicio puede ocasionar en sus derechos al Pueblo de Puerto Rico la omisión de la escritura de que se trata, toda vez que además de tener inscrita á su favor la propiedad de la finca subastada, está el Honorable Tesorero de Puerto Rico en perfecta aptitud para ejercitar contra el comprador las demás acciones que, así la Instrucción general de apremios como el mismo pliego de condiciones le franquean.—Vistas las disposiciones legales citadas, la Real Orden de trece de Diciembre de mil ochocientos sesenta y siete y la Resolución de la Dirección General de los Registros de la Propiedad, de diez y seis de Enero de mil ochocientos sesenta y cuatro.—Se confirma la nota puesta por el Registrador de esta Capital al pie de la certificación que ha motivado el presente recurso, la que se devolverá al Registrador con copia certificada de la presente resolución, que se transcribirá también al Honorable Tesorero de Puerto Rico para su conocimiento y demás efectos procedentes.—Lo acordaron y firman los señores del Tribunal Supremo, de que certifico.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Louis Sulzbacher.—J. H. McLeary.—Antonio F. Castro, *Secretario*.